**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
         chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Brandon Knapp**, | No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **Invictus Protective Services LLC**, an Arizona limited liability company; **Ryan Sundrick and Jane Doe Sundrick**, a married couple, | |
| Defendants. | |

Plaintiff, Brandon Knapp ("Plaintiff"), sues the Defendants, Invictus Protective Services LLC ("Defendant Invictus" or "Invictus") and Ryan Sundrick and Jane Doe Sundrick (collectively "Defendants"), and alleges as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S."); and the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 8.

2.      The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." <u>Barrentine v. Ark Best Freight Sys. Inc.</u>, 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  <u>See</u> 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.  <u>See</u> 29 U.S.C § 207.

3.      The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4.      The AWA, A.R.S § 23-350, et seq., establishes the law regarding the payment of wages within the State of Arizona.

### JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-2-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

**PARTIES**

7.      At all material times, Plaintiff is an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

8.      At all material times, Defendant Invictus Protecive Services LLC was a limited liability company duly licensed to transact business in the State of Arizona.  At all material times, Defendant Protecive Services LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9.      At all relevant times, Plaintiff was an employee of Defendant Invictus Protecive Services LLC.  At all relevant times, Defendant Invictus was an employer under the FLSA.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Invictus, acting through its agents, representatives, employees, managers, members, and/or other representatives had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Invictus.  In any event, at all relevant times, Defendant Invictus was an employer subject to the FLSA and employed Plaintiff.

10.     At all relevant times, Defendant Invictus owned and operated as a "Invictus Protection Services" located at 6900 South Priest Drive, Tempe, AZ 85283.

11.     Defendants Ryan Sundrick and Jane Doe Sundrick are employers under the FLSA.  The FLSA defines "employer" as any person who acts directly or indirectly in the

interest of an employer in relation to an employee.  At all relevant times, Defendants

Ryan Sundrick and Jane Doe Sundrick had the authority to hire and fire employees,

supervised and controlled work schedules or the conditions of employment, determined

the rate and method of payment, and maintained employment records in connection with

Plaintiff's employment with Defendants.  As persons who acted in the interest of Invictus

in relation to the company's employees, Defendants Ryan Sundrick and Jane Doe

Sundrick and subject to individual liability under the FLSA.

12.     At all relevant times, Plaintiff was an "employee" of Defendants as defined

by the FLSA, 29 U.S.C. § 201, *et seq.*

13.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to

Defendants.

14.     At all relevant times, Defendants were and continue to be "employers" as

defined by the FLSA, 29 U.S.C. § 201, *et seq*.

15.     The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to

Defendants.

16.     At all relevant times, Plaintiff was an "employee" of Defendants as defined

by the Arizona A.R.S. § 23-350, et seq.

17.     At all relevant times, Defendants were and continue to be "employers" as

defined by A.R.S. § 23-350.

18.     At all relevant times, Plaintiff was an "employee" of Defendants as defined

by A.R.S. § 23-362.

19.     At all relevant times, Defendants were and continue to be "employers" as defined by A.R.S. § 23-362.

20.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

21.     Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

22.     At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

23.     At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

24.     Plaintiff, in her work for Defendants, regularly handled goods produced or transported in interstate commerce.

## NATURE OF THE CLAIM

25.     Defendants own and/or operate as Invictus Protective Services, an enterprise located in Maricopa County, Arizona.

26.     Plaintiff was hired by Defendants as a security guard and worked for Defendants from approximately September 2018 through approximately December 2018.

27.     Defendants, in their sole discretion, agreed to pay Plaintiff $12.50 per hour for all hours he worked.

28.     Defendants failed or refused to pay Plaintiff the final paycheck of his employment with Defendants.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-5-

29.     Defendants failed or refused to pay Plaintiff any wage whatsoever for the final pay period of his employment with Defendants.

30.     As a result of not having paid any wage whatsoever to Plaintiff during his employment with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

31.     As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendant has violated 29 U.S.C. § 206(a).

32.     As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated the AMWA, A.R.S. § 23-363.

33.     As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated the AMA, A.R.S., § 23-351.

34.     Defendants have and continue to violate the FLSA by not paying Plaintiff the full applicable minimum wage for all hours worked during his regular workweeks.

35.     Defendants have and continues to violate the AMWA by not paying Plaintiff the full applicable minimum wage for all hours worked during his regular workweeks.

36.     Defendants have and continue to violate the AWA by not paying Plaintiff any wage whatsoever for all hours he worked during his regular workweeks.

37.     Defendants failed to compensate Plaintiff one and one-half times his regular rate of pay for all hours worked in excess of 40 hours per week.

38.     Throughout the duration of Plaintiff's employment, Defendants compensated Plaintiff approximately 40 hours of overtime at his regular rate of pay ($12.50) rather than at one and one-half times his regular rate of pay, in violation of 29 U.S.C. § 207(a).

39.     As a result of Defendants' willful failure to compensate Plaintiff one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek, Defendants have violated 29 U.S.C. § 207(a).

40.     As a result of Defendants' willful failure to compensate Plaintiff one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek, Defendants have violated the AWA, A.R.S., § 23-351.

41.     Defendants have and continue to violate the FLSA by not paying Plaintiff one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek.

42.     Defendants have and continue to violate the AWA by not paying Plaintiff one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek.

43.     Plaintiff is a covered employee within the meaning of the FLSA.

44.     Plaintiff is a covered employee within the meaning of the AMWA.

45.     Plaintiff is a covered employee within the meaning of the AWA.

46.     Plaintiff was a non-exempt employee.

47.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

-7-

48.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

49.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

50.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

51.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid wages as liquidated damages, and interest under A.R.S § 23-355.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

52.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

53.     Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the final two weeks of his employment.

54.     Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the FLSA, 29 U.S.C. § 206(a).

-8-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

55.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Brandon Knapp, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.      For the Court to declare and find that the Defendants committed one of more of the following acts:

    i.      Violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

    ii.     Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by willfully failing to pay proper minimum wages;

B.      For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.      For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.      For the Court to award prejudgment and post-judgment interest;

E.      For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.      Such other relief as this Court shall deem just and proper.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

## COUNT TWO: ARIZONA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

56.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

57.     Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the final two weeks of his employment.

58.     Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the AMWA, A.R.S. § 23-363.

59.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the unpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Brandon Knapp, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendants committed one of more of the following acts:

    i.     Violated minimum wage provisions of the AMWA, A.R.S. § 23-363, by failing to pay proper minimum wages;

    ii.     Willfully violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by willfully failing to pay proper minimum wages;

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

B.      For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.      For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.      For the Court to award prejudgment and post-judgment interest;

E.      For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.      Such other relief as this Court shall deem just and proper.

## COUNT THREE: ARIZONA WAGE ACT
## FAILURE TO PAY WAGES OWED

60.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

61.     Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the final two weeks of his employment.

62.     Defendants' practice of willfully failing to pay Plaintiff wages for labor performed violates the AWA, A.R.S. § 23-351.

63.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the unpaid wages as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Brandon Knapp, individually, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendants violated A.R.S. Title 23, Chapter 2, by failing to pay wages owed to Plaintiff;

B.     For the Court to award compensatory damages, including treble the amount of wages owed to Plaintiffs, pursuant to A.R.S. § 23-355, to be determined at trial;

C.     For the Court to award prejudgment and post-judgment interest;

D.     For the Court to award Plaintiff reasonable attorneys' fees and costs of the action;

E.     Such other relief as this Court shall deem just and proper.

## COUNT FOUR: FAIR LABOR STANDARDS ACT FAILURE TO PAY OVERTIME

64.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

65.     Defendants willfully failed or refused to pay Plaintiff one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a given workweek.

66.     Defendants' practice of willfully failing or refusing to pay Plaintiff at the required overtime wage rate violates the FLSA, 29 U.S.C. § 206(a).

67.     Plaintiff is therefore entitled to compensation for the difference between one and one-half times his regular rate for all hours worked in excess of 40 hours in a

given workweek and the rate actually paid to Plaintiff for such hours, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Brandon Knapp, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendants committed one of more of the following acts:

    i.    Violated overtime provisions of the FLSA, 29 U.S.C. § 207(a), by failing to pay proper overtime wages;

    ii.    Willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a) by willfully failing to pay proper overtime wages;

B.     For the Court to award Plaintiff's unpaid overtime damages, to be determined at trial;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.     For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.     Such other relief as this Court shall deem just and proper.

-13-

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.


RESPECTFULLY SUBMITTED this 11th Day of February, 2019.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
*Attorney for Plaintiff*

-14-