**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
        chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Brandon Knapp**, <br><br> Plaintiff, <br><br> v. <br><br> **Invictus Protective Services LLC**, an Arizona limited liability company; **Ryan Sudrick and Jane Doe Sudrick**, a married couple, <br><br> Defendants | No. 2:19-cv-00878-DWL <br><br> **PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS** |

Pursuant to the Federal Rules of Civil Procedure 55, Plaintiff Brandon Knapp respectfully requests that the Court enter judgment by default against Defendants Invictus Protective Services, LLC, Ryan Sudrick, and Jane Doe Sudrick (now known to be Kristi Sudrick) (collectively "Defendants").

**I.    Procedural History.**

Plaintiff filed his First Amended Complaint seeking unpaid minimum and overtime wages under the Fair Labor Standards Act ("FLSA") and unpaid minimum wages and unpaid wages under the Arizona Minimum Wage Act ("AMWA") and the

-1-

Arizona Wage Act ("AWA") against Defendants on February 11, 2019.  Doc. 7.  All Defendants were served on February 26, 2019.  Docs. 13-15.  Defendants' Answers were due on March 19, 2019.  Defendants have failed to plead or otherwise defend and are now in default.  The Clerk of the Court entered default against Defendants on March 22, 2019.  Doc. 17.  Plaintiff now seeks default judgment against Defendants.  In support of this request, Plaintiff relies upon the record in this case, his affidavit submitted (attached as "**Exhibit A**"), and the declaration of Plaintiff's counsel, Clifford P. Bendau, II ("Mr. Bendau"), (attached as "**Exhibit B**").

## II.   Legal Standard

Federal Rule of Civil Procedure 55(a) provides that the clerk of the court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Fed. R. Civ. P. 55(a).  Once a party has been defaulted, a court may enter a default judgment.  Fed. R. Civ. P. 55(b).

In determining whether to grant a default judgment, "[t]he general rule of law [is] that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."  *Televideo Sys. Inc. v. Heidenthal,* 826 F.2d 915, 917-918 (9th Cir. 1987).

While a plaintiff must prove damages when seeking a default judgment, this evidentiary burden is "relatively lenient."  *Elektra Entrnm't Group v. Bryant*, No. 03-6381, 2004 WL 783123 at *2 (C.D. Cal. Feb. 13, 2004).  In determining damages, the

Court can properly rely on declarations submitted by the Plaintiff. Fed. R. Civ. P 55(b)(2).

## III. Argument

### A. Plaintiff has Met the *Eitel* Factors

The Ninth Circuit has articulated factors the Court should consider in deciding whether to grant a monetary default judgment. Those are: (1) the possibility of prejudice to the Plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, if any, (5) the possibility of dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

#### 1. Possibility of Prejudice to the Plaintiff.

The first *Eitel* factor considers whether Plaintiff will suffer prejudice if default judgment is not entered. *Id*. Prejudice exists where, absent entry of default judgment, the plaintiff would lose the right to a judicial resolution of its claims and it would be without other recourse of recovery. *See generally Elektra Entm't Group, Inc. v. Crawford,* 226 F.R.D. 388, 392 (C.D. Cal. 2005).

By virtue of their default, Defendants have admitted the allegations of the Complaint. Because Defendants are refusing to participate in this litigation, a default judgment stands as Plaintiff's only remaining act of recourse in this matter. This factor weighs heavily in favor of default judgment.

#### 2. The Merits of the Claim and the Sufficiency of the Complaint

The second and third *Eitel* factors "require that a plaintiff state a claim on which the [plaintiff] may recover." *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1175 (C.D. Cal. 2002).

As stated above, after the Clerk enters default, the factual allegations of the complaint are taken as true. *Televideo Sys.*, 826 F.2d at 917-918.

### 3. The Amount of Money at Stake

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *Pepsico*, 238 F.Supp.2d at 1176. Plaintiff worked for Defendants for approximately four months at an hourly rate of $12.50. Ex. A, at ¶¶ 6, 7. Plaintiff claims 28 hours in unpaid overtime, 60 hours of unpaid wages from a final paycheck that Defendants did not pay him, and liquidated damages as discussed below. Ex. A, at ¶¶ 8-10.

In Exhibit A, Plaintiff provides a damage calculation. Plaintiff worked a minimum of 56 hours of overtime during his employment, but he was only paid overtime for 28 of those hours. Ex. A, at ¶ 9. He was only paid his straight-time rate, as opposed to time-and-a-half, for the remaining 28 overtime hours. *Id*. In addition, Defendants did not pay any wage whatsoever to Plaintiff for the final two weeks of his employment, which consisted of 60 hours–from December 1, 2018 through December 15, 2018. Ex. A, at ¶ 10. The damage calculation shows that Plaintiff is owed $925 in unliquidated damages. As also discussed below, Defendants have been in contact with Plaintiff's counsel, have had ample time to plead in response to the allegations in the operative Complaint, and still have not pleaded.

### 4. The Possibility of Dispute Concerning Material Facts

There is no dispute concerning the material facts because the factual allegations of Plaintiff's complaint are taken as true at this default stage. *Marcelos v. Dominguez*, No. 08-0056, 2009 WL 113383, at *4 (N.D Cal. Jan. 15, 2009). The fifth *Eitel* factor weighs in favor of default.

### 5. Whether Default was Due to Excusable Neglect

Under the sixth *Eitel* factor, the Court considers whether Defendants; default resulted from excusable neglect. *Eitel*, at 1471-72. The Ninth Circuit has said "[a] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer." *Meadows v. Dominical Republic*, 817 F.2d 517, 521 (9th Cir. 1987).

Here, Defendants have actual notice of the filing of the action. Plaintiff served Defendant Ryan Sudrick personally for himself, for his spouse, and for the business for which he is the statutory agent on February 26, 2019. Docs. 13-15. Because Defendants had knowledge of the matter and because Defendants were served personally, Defendants have actual knowledge of the action and the default was not due to excusable neglect.

Plaintiff's counsel personally spoke with Defendant Ryan Sudrick on multiple occasions regarding this case. The first occasion was on February 26, 2018, the date on which Mr. Sudrick was served with this lawsuit. Docs. 13-15; Ex. B, at ¶ 2. Mr. Sudrick called Plaintiff's counsel and left a voicemail with them. Ex. B, at ¶ 3. At 5:00 p.m. on that same date, Clifford Bendau, Plaintiff's counsel, returned Mr. Sudrick's call and spoke with Mr. Sudrick regarding the lawsuit for one minute, seven seconds. Ex. B, at ¶

4. On March 20, 2019, Mr. Bendau again called Mr. Sudrick to warn him that the time for him to respond to the lawsuit had expired, and that he would be filing an application for entry of default against Defendants unless Mr. Sudrick planned to file an answer or otherwise respond. Ex. B, at ¶ 5. In response, Mr. Sudrick stated that he had already submitted an answer to the operative complaint. Ex. B, at ¶ 6. Thereafter, on March 21, 2019, Plaintiff's counsel filed the Application for Entry of Default (Doc. 16), and default was entered on March 22, 2019. Doc. 17.

### 6. The Policy Favoring a Decision on the Merits

The final *Eitel* factor considers the preference for deciding cases on the merits. However, "this factor, standing alone, cannot suffice to prevent entry of default judgment for otherwise default judgment could never be entered." *Warner Bros. Entm't Inc. v. Caridi*, 346 F.Supp.2d 1068, 1073 (C.D. Cal. 2004). Courts have concluded that "this factor does not weigh very heavily." *Id*.

As shown above, Mr. Sudrick and Defendants have been aware of the lawsuit since being served on February 26, 2019. They have purposefully evaded responding to it. Defendants have had ample time to answer or otherwise respond. Rather than participate and seek a decision on the merits of the claim, Defendants have chosen to ignore the lawsuit altogether. Defendants cannot plausibly argue that they must have a decision on the merits after ignoring this lawsuit for months despite actual knowledge of the lawsuit and their obligations.

Therefore, Plaintiff has met all of the *Eitel* factors and the Court should enter default judgment against Defendants Invictus Protective Services, LLC, Ryan Sudrick, and Kristi Sudrick.

**B.     The Court Should Grant a Liquidated Damages Award**

The FLSA provides that any employer who violates the overtime wage provision is liable not only for the unpaid compensation but also "[a]n additional equal amount as liquidated damages." *Chao v. A-One Medical Service, Inc.*, 346 F.3d 908, 919-20 (ith Cir. 2003) (quoting 29 U.S.C. § 216(b), ruled unconstitutional on other grounds by *Alden v. Maine*, 527 U.S. 706, 712 (1999)); *see also Fontes v. Drywood Plus, Inc.* No. CV-13-1901-PHX-LOA (D. Ariz. Dec. 2, 2013). Double damages are the norm and single damages are the exception. *See Alvarez v. IBP, Inc.*, 339 F.3d 894, 910 (9th Cir. 2003). This means that Plaintiff's federal overtime and minimum wage damages–$175 and $630, respectively–must be doubled to a total of $1,605.

In addition, the AMWA requires liquidated damages be awarded in "an amount equal to twice the underpaid wages." Arizona Revised Statutes ("A.R.S.") § 23-364(G). This means that Plaintiff's Arizona minimum wage damages of $630 must be trebled to a total of $1,890. Because this amount engulfs Plaintiff's federal minimum wage damages, $1,890 is the appropriate total minimum wage award.

In addition, the AWA requires all unpaid wages damages be trebled; specifically, "if an employer…fails to pay wages due any employee, the employee may recover in a civil action against an employer or former employer an amount that is treble the amount of the unpaid wages." A.R.S. § 23-355. This means that the $2.00 difference between

Plaintiff's unpaid regular rate of pay and the minimum wage–a total of $120 for 60 hours that Defendants did not compensate Plaintiff at all–must also be trebled, for a total of $360.  This also means that Plaintiff's undisputed unpaid federal overtime damages–$175–must be trebled, for a total of $525.

Adding $1,890, $360, and $525, Plaintiff's unpaid wage damages, properly liquidated, total $2,775.  Therefore, Plaintiff should be awarded total damages in the amount of $2,775, exclusive of attorneys' fees and costs, which both the FLSA and AMWA require.  29 U.S.C. § 216(b); *see also* A.R.S. § 23-364.

### C.  Plaintiff is Entitled to Recover Attorneys' Fees and Costs

Plaintiff is entitled to his attorneys' fees and costs pursuant to 20 U.S.C § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").  The award of attorney's fees in such a proceeding is mandatory and is added to the amount of unpaid wages and liquidated damages.  *See Orozco v. Borenstein*, 2013 WL 655119, at *1 (D. Ariz. February 21, 2013) ("It is not only appropriate to award fees to a successful plaintiff, it is mandatory.").

"A typical formulation is that plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The District of Arizona has recognized that, where the filing of an action causes a defendant to pay unpaid wages to an FLSA plaintiff–even without a judgment–, that plaintiff becomes the prevailing party and entitled to fees.  *Orozco v.*

*Borenstein*, 2013 WL 4543836, at *2 (D. Ariz., August 18, 2013). If the Court enters default judgment, Plaintiff will be the prevailing party for purposes of 29 U.S.C § 216(b) and entitled to her attorneys' fees and costs. Pursuant to LRCiv 54.2, Plaintiff will file a motion for attorneys' fees following the award of a default judgment.

**IV.    Conclusion**

Based on the foregoing, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants, individually and collectively, in the amount of $2,775.

Plaintiff further requests that the Court allow him to file a motion for attorneys' fees and costs following the award of a default judgment.

Plaintiff further requests that these amounts be augmented further by post-judgment interest pursuant to 28 U.S.C § 1961 and costs and attorneys' fees incurred by Plaintiff in the collection of the amounts awarded herein.

RESPECTFULLY SUBMITTED the 30th Day of April 2019.

BENDAU & BENDAU PLLC

/s/    *Clifford P. Bendau, II*
Clifford P. Bendau, II
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th Day of April, 2019, a copy of the foregoing was transmitted electronically to the CM/ECF filing system for filing and transmittal along with copies transmitted to all counsel of record via the CM/ECF system.  A copy of the foregoing was also sent via First Class Mail to the following:

>Invictus Protective Services LLC
>4810 S. 40th St., #4
>Phoenix, AZ 85040
>*Defendant*
>
>Ryan Sudrick
>4810 S. 40th St., #4
>Phoenix, AZ 85040
>*Defendant*
>
>Kristi Sudrick
>4810 S. 40th St., #4
>Phoenix, AZ 85040
>*Defendant*

/s/ *Clifford P. Bendau, II*