**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brandon Knapp, <br><br> Plaintiff, <br><br> v. <br><br> Invictus Protective Services LLC, et al., <br><br> Defendants. | No. CV-19-00878-PHX-DWL <br><br> **ORDER AND DEFAULT JUDGMENT** |

Plaintiff Brandon Knapp has filed a motion for default judgment against Defendants Invictus Protective Services, LLC, Ryan Sudrick, and Jane Doe Sudrick (now known to be Kristi Sudrick) (collectively "Defendants"). (Doc. 18.) For reasons stated below, the motion will be granted.

I. Background

On February 11, 2019, Plaintiff brought this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Arizona Minimum Wage Act ("AMWA"), and the Arizona Wage Act ("AWA"). (Doc. 7 ¶ 1.) Plaintiff alleges that he worked for Defendants as a security guard from September to December 2018 and that Defendants failed to pay him the final paycheck owed to him. (*Id.* ¶¶ 26, 28.) Plaintiff also alleges that he worked approximately 40 hours of overtime yet was paid his regular rate of pay, rather than at one and one-half times his regular rate of pay. (*Id.* ¶¶ 38-42.)

On March 1, 2019, Plaintiff filed proof that Defendants were served with the First Amended Complaint ("FAC") and Summonses on February 26, 2019. (Docs. 13, 14, 15.)

Thus, Defendants' responses to the FAC were due March 19, 2019. Fed. R. Civ. P. 12(a)(1)(A). Defendants have not yet responded to the FAC, nor have they appeared in this action.

On March 21, 2019, Plaintiff filed an application for entry of default against Defendants. (Doc. 16.) On March 22, 2019, the Clerk entered default against defendants. (Doc. 17.)

On April 30, 2019, Plaintiff filed a motion for default judgment. (Doc. 18.)

II. Default Judgment

The "decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Although the Court should consider and weigh relevant factors as part of the decision-making process, it "is not required to make detailed findings of fact." *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

The following factors may be considered when deciding whether default judgment is appropriate under Rule 55(b): (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether the default was due to excusable neglect, and (7) the policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering the merits and sufficiency of the complaint, the court accepts as true the complaint's well-pled factual allegations, but the plaintiff must establish the damages sought in the complaint. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

Having reviewed the complaint and default judgment motion, the Court finds that the *Eitel* factors favor default judgment in the amount of $2,775.

A. **Possible Prejudice To Plaintiff**

The first *Eitel* factor weighs in favor of default judgment. Defendants have not participated in this action at all—they have not responded to the FAC or to the motion for default judgment. If Plaintiff's motion is not granted, Plaintiff will be without other

recourse for recovery. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

B. **Merits Of Claims And Sufficiency Of Complaint**

The second and third *Eitel* factors favor default judgment where, as in this case, the complaint sufficiently states a plausible claim for relief under the Rule 8 pleading standard. *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978). As noted above, Plaintiff alleges that Defendant violated the FLSA, the AMWA, and the AWA. (Doc. 7 ¶ 1.) Plaintiff alleges sufficient facts to show Defendants' liability for statutory damages. (*Id.* ¶¶ 26, 28, 38-42.) The second and third factors favor default judgment.

C. **Amount At Stake**

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the defendant's conduct. Plaintiff seeks only $2,775 in statutory damages, plus reasonable attorneys' fees and costs. The money at stake is relatively modest and authorized by statute.

D. **Possible Dispute Concerning Material Facts**

Given the sufficiency of the complaint and Defendants' lack of participation in this case, "no genuine dispute of material facts would preclude granting [Plaintiff's] motion." *PepsiCo*, 238 F. Supp. 2d at 1177.

E. **Excusable Neglect**

Plaintiff avers that Plaintiffs' counsel corresponded with Defendants about this matter on various occasions. Nevertheless, Defendants have filed nothing. There is no indication this is due to excusable neglect. *PepsiCo*, 238 F. Supp. 2d at 1177 (where service is valid and defendants communicated with plaintiff about the case, the "possibility of excusable neglect is remote").

F. **Policy Favoring Merits Resolution**

The last factor usually weighs against default judgment given that cases "should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The mere existence of Rule 55(b), however, "indicates that this preference, standing alone, is not

dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177.  The Court therefore is not precluded from entering default judgment against Defendants.

   G. **Conclusion**

Six of the seven *Eitel* factors favor default judgment, and one factor is neutral. The Court therefore concludes that default judgment is appropriate.  The Court will award $2,775 in statutory damages.

**IT IS ORDERED:**

1. Plaintiff's motion for default judgment (Doc. 18) is **granted**.
2. Default judgment is entered in favor of Plaintiff and against Defendants in the amount of **$2,775.00**, which amount shall be augmented by post-judgment interest from this date forward, accruing at the applicable federal rate pursuant to 28 U.S.C. § 1961.
3. Plaintiff may file a motion for attorneys' fees within 30 days of the date of this Order.

Dated this 31st day of May, 2019.

Dominic W. Lanza
United States District Judge