**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, AZ 85060
Tel: 480.382.5176
Fax: 480.304.3805
cliffordbendau@bendaulaw.com
chris@bendaulaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Brandon Knapp**, <br><br> Plaintiff, <br><br> vs. <br><br> **Invictus Protective Services, LLC**, et al. <br><br> Defendants. | No. 2:19-cv-00878-DWL <br><br> **PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES** |

In accordance with Local Rule LRCiv 54.2(b)(2), Plaintiff Brandon Knapp, individually, by and through undersigned counsel, files his Memorandum of Points and Authorities in support of Motion for Award of Attorneys' Fees. As set forth below, attorneys' fees are warranted, and in fact required, because Plaintiff is the prevailing party with respect to his claims under the Fair Labor Standards Act ("FLSA"), Arizona minimum wage law, and Arizona unpaid wages law. This Memorandum is further supported by the attached exhibits as required by LRCiv 54.2(d)(1), (2), (3), and (4).

## MEMORANDUM OF POINTS AND AUTHORITIES

I.     **INTRODUCTION**

This motion is before the Court for one reason: the purposeful and patterned avoidance of responsibility for clear FLSA overtime and Arizona minimum wage liability by Defendant Ryan Sudrick–both individually and as the principal and owner of Invictus Protective Services, LLC.  Since the inception of this otherwise simple FLSA overtime dispute, Plaintiff and his counsel have provided ample opportunity for Mr. Sudrick to settle this case without the need to incur unnecessary or excessive attorneys' fees and costs.  However, Mr. Sudrick has consistently evaded every reasonable opportunity to do so.

This case arose when Mr. Knapp approached Bendau & Bendau PLLC after Defendants, Invictus Protective Services LLC, Ryan Sudrick, and Kristi Sudrick (collectively "Defendants") failed to pay his final paycheck, and he suspected that he had been denied proper overtime otherwise required by law.  Mr. Knapp had worked for the Defendants for approximately three months as a security guard.  He was hired to perform security services as an armed security guard for residential communities in South Phoenix.  His rate of pay was $12.50 per hour, and he generally worked more than 40 hours per week.  However, he did not receive a proper overtime premium for such time because, while he worked a minimum of 56 hours of overtime during his employment, he was only paid for 28 of them and was paid his regular, "straight-time" rate of pay for the other 28.  Mr. Knapp, therefore, did not receive the applicable minimum wage for time worked related to his unpaid final paycheck, he did not receive

one and one-half times his regular rate of pay anytime he worked in excess of 40 hours in a given workweek, and he had additional outstanding wages that remained unpaid by Defendants.

On February 11, 2019, Plaintiff filed suit against Defendants claiming unpaid wages, liquidated damages, attorneys' fees, and costs under both federal and Arizona law. *See* Complaint (Doc. 1). The Complaint alleged that the Defendants[1] violated the FLSA and Arizona by not paying him the applicable minimum wage for the time Plaintiff spent working that would have comprised the final paycheck that Defendants did not pay him, that the Defendants violated the FLSA to pay him proper overtime throughout his employment, and that as a result he had additional unpaid wages due and owing him from Defendants under Arizona law. On the same day, Plaintiff filed his First Amended Complaint (Doc. 7) to correct an inadvertent typographical error.

Plaintiff timely served all Defendants on February 26, 2019. (Docs. 13-15). The same day, and on multiple occasions thereafter, Defendant Ryan Sudrick personally spoke about the lawsuit and its merits with Plaintiff's counsel, Clifford P. Bendau, II, as outlined in Plaintiff's Motion for Default Judgment. *See* Doc. 18, § (III)(A)(5). Instead of filing a response, Defendants remained conspicuously silent, despite having been served and communicated directly with Plaintiff's counsel.

---

[1] "Defendants" refers to Defendant Arizona Movers and Storage, Inc. and Defendant Hashem Abouzeid against whom a default judgment in favor of Plaintiff has been entered. *See* Doc. 38. Unless specifically referred to herein, Defendant Hassan Hossam is not included within the scope of the term "Defendants" for purposes of this motion.

On May 31, 2019, the Court granted Plaintiff's Motion for Default Judgment (Doc. 19) and entered Judgment in favor of Plaintiff. Plaintiff now files his motion for attorneys' fees and costs against Defendants.

## II.   ELIGIBILITY/ENTITLEMENT

By virtue of the Default Judgment in this matter (Doc. 19), Plaintiff is the prevailing party in this action and is therefore entitled to an award of attorneys' fees and costs. "A typical formulation is that plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

The District of Arizona has recognized that, where the filing of an action causes a defendant to pay unpaid wages to an FLSA plaintiff–even without a judgment–, that plaintiff becomes the prevailing party and entitled to fees. *Orozco v. Borenstein*, 2013 WL 4543836, at *2 (D. Ariz., August 18, 2013).

Therefore, by virtue of obtaining a default judgment against Defendants, Mr. Knapp is a prevailing party against them.

## III.   REASONABLENESS OF THE AWARD

Bendau & Bendau PLLC agreed to represent Plaintiff and on a contingency basis and has not received any payment for accrued attorneys' fees. *See* Representation Agreement, attached as "**Exhibit A.**" The Representation Agreement with Plaintiff provides that undersigned's hourly rate for employment litigation cases is $395 per hour. *See* Ex. A. The Northern District of Ohio has determined that hourly rate of $395

Clifford P. Bendau, II was reasonable in an Order approving an FLSA settlement in *Carr, et al. v. Bob Evans Farms, Inc., et al.*, Northern District of Ohio Case No. 1:17-cv-01875-JG, Docs. 77-1, 78 (N.D. Ohio, July 12, 2018 and July 27, 2018) (Motion requesting, and Order approving, the aforementioned rates attached hereto as "**Exhibit B**"). Attached hereto as "**Exhibit C**" is Plaintiff's counsels' lodestar records for the time that Plaintiff's counsel spent litigating this case, multiplied by his hourly rate of $395. *See Thompson v. Arizona Movers and Storage Incorporated*, 2018 WL 2416187, at *2 (D. Ariz. May 29, 2018) (finding $325 to be a reasonable hourly rate for Clifford P. Bendau, II); *see also Outland v. Arizona Movers and Storage Incorporated*, 2019 WL 2269423, at *1 (finding $325 to be a reasonable hourly rate for Clifford P. Bendau, II); *but see id.* (declining to award a higher rate than $325, partially on the grounds that, as opposed to this case, the representation agreement in *Outland* hired Bendau & Bendau PLLC at an hourly rate of $325 and partially on the grounds that the precedent to do so came from a non-controlling jurisdiction). Exhibit C also includes a computation of, and documentation supporting, the out-of-pocket costs that Plaintiff's counsel has thus far incurred.

Using the Lodestar analysis, Plaintiff requests attorneys' fees in the amount of $7,307.50 for 18.5 hours incurred by Clifford P. Bendau, II at the hourly rate of $395. Plaintiff also requests $579 in out-of-pocket costs, for a total of $7,886.50.

In determining an award of attorney fees in an FLSA action, "[t]here exists a strong presumption of the reasonableness of the lodestar amount." *Saizon v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006). Under the lodestar

method, the Court determines a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. at 433.

To determine the reasonableness of the hourly rate and hours expended, the Court should consider the *Kerr* factors. *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975); *see also Cunningham v. Cnty. Of Los Angeles*, 879 F.2d 481, 487 (9th Cir. 1988). These factors are: "(1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, and (4) the results obtained." *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 n. 6 (9th Cir. 1987).

**A.     The novelty and difficulty of the questions involved**

Minimum wage and overtime claims under the FLSA are particularly complex, factually-oriented, and high-risk. This case was no exception. However, Defendants did not respond to the Complaint and therefore Plaintiff's counsel was not forced to conduct discovery or significantly litigate the case. Nonetheless, the Defendants' refusal to cooperate in the litigation of this matter has required Plaintiff's counsel to submit this motion.

**B.     The special skill and experience of counsel**

Plaintiff's counsels' particular set of skills warrants their requested rate of $395 per hour for Clifford P. Bendau, II. His experience, reputation, and ability, which are detailed in the accompanying declarations, support his requested hourly rate. *See* Declaration of Clifford P. Bendau, II, attached as "**Exhibit D**."

Clifford Bendau focuses exclusively on plaintiffs' state and federal employment

-6-

wage and hour litigation, primarily under the FLSA. *See* Ex D. Since becoming licensed to practice law in 2012, he has litigated more than 130 lawsuits on employees' behalves in the Federal District Courts for the Districts of Arizona, Colorado, and Ohio, all of which he agreed to represent his clients on contingency bases. *See id*. He has also been lead plaintiffs' counsel on approximately 20 FLSA collective action matters in both the Districts of Arizona and Ohio. *Id*. He has also represented numerous plaintiffs on a novel FLSA issue in the Ninth and Tenth Circuit Courts of Appeals, having obtained a reversal in the Tenth Circuit and a reversal *en banc* in the Ninth Circuit. *See*.

The legal issues raised by this FLSA action were sophisticated and required extensive knowledge of the law. The FLSA is a complex, difficult-to-navigate statute, requiring strong legal skills necessary to identify issues, research them, resolve them, and then lay them out persuasively for the court. The FLSA requires counsel who understand its complexities and nuances. For these reasons, Plaintiff very likely would not have obtained the Default Judgment without the assistance of Bendau & Bendau PLLC.

**C.    The quality of the representation**

This case involved drafting and filing a complaint, preparing applications for default, the preparation of a Joint Case Management Report, drafting and sending response to MIDP, and drafting and briefing this motion for award of attorneys' fees. Ultimately, Plaintiff prevailed to by obtaining the Default Judgment against Defendants.

**D.    The results obtained**

Plaintiff's counsel obtained excellent results for Plaintiff. The Court's Order and Default Judgment awarded 100 percent of Plaintiff's unpaid wages, plus an additional

amount equal to twice the unpaid wages in liquidated damages.  *See* Doc. 19.  Plaintiff's counsel has filed a motion to amend judgment to reflect that amount, which is currently pending.  The excellent results obtained supports Plaintiffs' requested hourly rates.

## IV. CONCLUSION

Accordingly, the Court should award Plaintiff his total attorneys' fees and costs as follows: $7,886.50.

RESPECTFULLY SUBMITTED on June 3, 2019.

**BENDAU & BENDAU PLLC**

By: /s/ Clifford P. Bendau, II
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2019, I electronically transmitted the foregoing document to the United States District Court, District of Arizona, Court Clerk, using the CM/ECF System. All counsel of record are registrants and are therefore served via this filing and transmittal. A copy of the foregoing was also sent via First Class Mail to the following:

Invictus Protective Services LLC
4810 S. 40th St., #4
Phoenix, AZ 85040
*Defendant*

Ryan Sudrick
4810 S. 40th St., #4
Phoenix, AZ 85040
*Defendant*

Kristi Sudrick
4810 S. 40th St., #4
Phoenix, AZ 85040
*Defendant*

/s/ Clifford P. Bendau, II